925 F.2d 1458
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellant,
v.
Carroll Derril HASELDEN, Richie Derril Haselden, Defendants-Appellees.
 No. 90-5618.
 United States Court of Appeals, Fourth Circuit.
 Argued Dec. 7, 1990.
Decided Feb. 14, 1991.
 
 Appeal from the United States District Court for the District of South Carolina, at Charleston. Solomon Blatt, Jr., Senior District Judge. (CR-89-27)
 Albert Peter Shahid, Jr., Assistant United States Attorney, Charleston, S.C. (argued), for appellant, E. Bart Daniel, United States Attorney, Charleston, S.C., on brief.
 George Benjamin Bishop, Jr., Moncks Corner, S.C., for appellees.
 D.S.C.
 REVERSED.
 Before DONALD RUSSELL and PHILLIPS, Circuit Judges, N. CARLTON TILLEY, Jr., United States District Judge for the Middle District of North Carolina, sitting by designation.
 PER CURIAM:
 
 
 1
 The government appeals the district court's grant of a two-point reduction for acceptance of responsibility under United States Sentencing Commission Guidelines Sec. 3E1.1. Because the district court had no basis for granting the reduction, we reverse.
 
 
 2
 * On February 7, 1987, appellees Carroll Haselden and his son Richie Haselden (the Haseldens) were indicted for manufacturing and cultivating marijuana in Francis Marion National Forest, which is federal property. The Haseldens pled not guilty, and went to trial. They maintained that they had no connection with the marijuana and were hunting hogs when apprehended at the site of a plot of the plant. After a one-day trial, the jury found the Haseldens guilty.
 
 
 3
 A probation officer's pre-sentence report did not recommend any reduction for acceptance of responsibility. The Haseldens objected on the grounds that they had accepted the jury verdict. The district court granted a two-point reduction for acceptance of responsibility and sentenced accordingly. This appeal followed.
 
 II
 
 4
 The government contends that the Haseldens never accepted responsibility for their acts. To the end, the Haseldens denied that they knew anything about the marijuana. The Haseldens do not contest this but contend that Sentencing Guideline Sec. 3E1.1 does not require that they accept the government's version of the facts as true in order to be entitled to an acceptance of responsibility reduction; that they only need accept the verdict of guilt.
 
 
 5
 Section 3E1.1, which covers acceptance of responsibility, provides in Sec. (a) that "[i]f the defendant clearly demonstrates a recognition and affirmative acceptance of personal responsibility for his criminal conduct, reduce the offense level by 2 levels." United States Sentencing Commission Guidelines Sec. 3E1.1(a) (1989). The Guidelines also provide that this reduction may be given "without regard to whether [the defendant's] conviction is based upon a guilty plea or a finding of guilt by the court or jury or the practical certainty of conviction at trial." Id. at Sec. 3E1.1(b). Application note 5 to Sec. 3E1.1 provides for very deferential review: "The sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility. For this reason, the determination of the sentencing judge is entitled to great deference on review and should not be disturbed unless it is without foundation." Id. at Sec. 3E1.1, application note (5).
 
 
 6
 The government argues that this is a case where the district judge's determination was "without foundation." The only ground on which the Haseldens challenged the probation officer's recommendation not to grant an acceptance of responsibility was that they had accepted the jury verdict and it was solely on this basis that the district court acted. The Haseldens claim that this was not the sole basis for the judge's decision. They assert that "[i]t is obvious that the judge considered the fact that the Appellees, while not agreeing to the Government's version of certain facts, have never denied their presence where apprehended, and they have never altered their reason for being there." Appellees' Br. at 9.
 
 
 7
 This is no argument against acceptance of responsibility; it signifies nothing that the defendants admit that they were in the Francis Marion Forest if they do not also admit that they were growing marijuana there. The fact is that they have continued to assert that they were only in the vicinity where apprehended to hunt, and thus they have failed to acknowledge their guilt of the offense for which they were convicted.
 
 
 8
 Furthermore, the district judge did not clearly state a basis for his decision. At the sentencing proceedings, the Haseldens' attorney argued:
 
 
 9
 Your honor, I guess in a nutshell, my position is that the interpretation should not be that the acceptance of responsibility is limited solely to saying I'm guilty of what the government says I am. My clients have--have excised [sic] a constitutional right to a jury trial, they have gone to trial and they were convicted and they accept that. They accept the fact.
 
 
 10
 J.A. at 59. He thus made it apparent to the judge that the Haseldens were relying on their acceptance of the fact that the jury convicted them, not on their acceptance of responsibility for the criminal acts for which they were convicted.
 
 The trial judge responded:
 
 11
 I kind of agree that the interpretation the guidelines this book puts on it, there is no way that you could--you could not plead guilty--unless they had nothing to do with the facts. But, I mean, there is no way that you could plead not guilty and be entitled--and accept responsibility. You either got to plead guilty and accept it, the way this is written, the way--the way the notes are written. But they say they're not limited to. According to the commentary, you either plead guilty or you don't.
 
 
 12
 Just reading it in the bare language is hardly a way to get out of--you accept responsibility without a guilty plea, but then they keep telling you that a guilty plea is not necessary. I tell you, I'm going to give you the benefit of the doubt and reduce the--give you a two-point reduction, which cuts you down from 16 to 14.
 
 
 13
 J.A. at 59-60. Here, the district judge did not articulate any real foundation for granting the acceptance of responsibility reduction--in fact he explicitly said he was giving the Haseldens "the benefit of the doubt." To receive the acceptance of responsibility reduction, a defendant needs to "clearly demonstrate [ ] a recognition and affirmative acceptance of personal responsibility for his criminal conduct." United States Sentencing Commission Guidelines Sec. 3E1.1(a) (1989). The Haseldens have never accepted responsibility for their criminal conduct since they have never admitted it.
 
 
 14
 A recent decision of this court supports the government's position. In United States v. Gordon, 895 F.2d 932 (4th Cir.1990), the defendant was convicted of possession of cocaine with intent to distribute. He admitted that he possessed the cocaine, but he would not admit that he intended to distribute it. We held that "[a]lthough at sentencing he did admit that he was guilty of simple possession of cocaine, he did not accept responsibility for his intent to distribute it.... We ... hold that in order for section 3E1.1 of the guidelines to apply, a defendant must first accept responsibility for all of his criminal conduct." 895 F.2d at 936. Moreover, "[t]he district court found that Gordon had done nothing to indicate his acceptance of responsibility. Indeed, Gordon's claim that he was entitled to this mitigating factor while at the same time denying the criminal conduct for which he was convicted by a jury borders on the frivolous." Id. at 937.
 
 
 15
 Considering that the Haseldens did not admit the criminal conduct for which they were convicted, the district court's reduction for acceptance of responsibility was "without foundation." We therefore reverse the district court's judgment and remand for resentencing.
 
 
 16
 REVERSED.